Caldwell, J.
The defendant sets up the deed of Carter and wife, and the proceedings and sale of the property under the decree of the court, as a bar to the claim of dower. To this it is replied, that that conveyance and those proceedings created no privity between Gassaway and the defendant.
That Gassaway, by his deed from Carter and wife, had a title to the land freed from the claim of dower, and subject only to the incumbrance of the mortgage to Lawler, can not be doubted. ■Gassaway, as part of the consideration of the purchase, as expressed both in the deed from Carter and wife to Gassaway and in the mortgage from Gassaway to Carter, had agreed to pay off the Lawler mortgage.
It is not necessary that we shall determine precisely what was the effect of the sale of the property by Davis B. Lawler, under the authority contained in the mortgage. That sale is alleged in the bill setting up the mortgage, to have been merely to obtain possession of the property without interfering with the right of redemption, and the court so find the fact to be.
*That sale invested Thomas B. Walker, by virtue of the transfers made under it, at least with all the rights of Matthew Lawler, the original mortgagee. Now, what was the character and effect of the judicial proceeding under which the property was sold? Walker held the legal title, and Gassaway held the *298 equity of redemption, and held it freed from any claim of the complainant for dower. These proceedings wore commenced for the purpose of foreclosing the equity of redemption, and appropriating the land to the payment of the mortgage debt. Gassaway held a complete title to the land, freed from every incumbrance or contingency except only the incumbrance of the mortgage; but all his right and title he held subject to the mortgage. Walker had a right to have Gassaway’s entire interest in the property sold, and the proceeds applied to the payment of the mortgage debt. Gassaway, as the court decreed, was entitled to the surplus after the payment of the mortgage; he, then, was interested in having the property sell for the highest price. This could only be obtained by having sold, and vesting in the purchaser, his whole right and title, without incumbrance or reservation. If the property had been sold with the incumbrance of dower resting on it, it would have brought much less than if sold free from that incumbrance. Gassaway would have suffered the entire loss of such diminution, although, when he purchased the property, he had paid for and received a release of dower. The court could not have sold, nor did they attempt to sell, less than Gassaway’s entire right and title in the property, with all its incidents. What interest, then, was sold and passed to the purchaser? The entire interest of both Walker and Gassaway.—of mortgagor and mortgagee—a complete title, freed from any claim of dower.
It is said, however, that the complainant was not a party to the judicial proceedings nor to the mortgage, and is therefore not barred by the decree.
It is not by the force of the judicial proceedings that she can be deprived of her right of dower, but by her release to *Gassaway. She would not have been a proper party to the proceeding. Grantors are never necessary parties to a suit seeking to-charge the lands of their grantees, unless it appear that they have, or may have, some remaining interest.
It is said, however, that the title of Gassaway still remains in his heirs. The bill asserting the mortgage under which the property was sold, was filed during the lifetime of Gassaway. He was made a party defendant. During the pendency of the suit he died ; his heirs were not made parties, and the answer was filed by his administrator. It was clearly error in the court to j>roceed to decree without making the heirs of Gassaway parties after his *299 death; but, the court having once obtained jurisdiction in the case by the service of process on Gassaway, the subsequent proceedings,' although erroneous, are not void. There are other errors apparent on the record. The court decreed that the surplus should be paid to the administrator of Gassaway, in place of his heirs; but. this error, like the other, does not render the proceedings void. The proceeding was in several respects novel; it was, however, substantially one to foreclose a mortgage. The court find that a mortgage existed; find the amount due thereon; order a sale of the mortgaged premises; and the sale, until reversed, must be held to have passed to the purchaser the entire interest in the property of both mortgagor and mortgagee. The majority of the court think that the privity between the defendant and Gassaway is complete. For not only was Gassaway the owner of the equity of redemption, but he had covenanted in .his mortgage to Carter to secure the purchase money, to pay off the Lawler mortgage, thus-rendering himself personally liable for the liquidation of that debt.
I speak merely for myself, and not for the majority of the court, when I say, that I do not see why, when dower has boon absolutely released, it can ever be reasserted, merely because the tenant in possession does not connect himself in privity with the person to whom the release was given. It would appear to me reasonable, that where a person by conveyance has a complete title vested in him, he has a right to *hold the property, or to abandon it at his pleasure; and that, whilst he has the title thus vested in him, he is the only person that can assert any valid claim to it. And this principle, in my opinion, would apply as well to the right of dower as any other interest in land. For, although it be an inchoate and contingent interest, yet it can be as completely released as any other. And whether we call the act of divesting, the release of an interest, or the extinguishment of a right, can have no-effect upon this question. The doctrine requiring privity between the releasee and the tenant in possession to bar dower, might be-attended with singular results in its application. Under this rule, if the person holding the title were to get out of possession, and the land come to the possession of another, all the dower interest that had existed would revive against it. In this way, a dozen dower interests might at once light upon the land, all to be divested the moment the person holding the title should assert his-right.
*300 We have been referred to the cases of Robinson v. Bates, 3 Met. 40; Bixby v. Bennett, 11 Mass. 298; 3 How. 205, and other authorities, where this doctrine of privity is asserted. It would be high presumption in me to say, that the decisions given by those highly respectable courts, were not illustrated by sound reasons; but I -can not be charged with presumption, when I say that it is greatly .above my comprehension to see the force of the reasoning on which those decisions are founded. A majority of the court are of opinion, that by the release to Gassaway, and the connection of the defendant with his title, the complainant is barred of any right of dower in the premises.
The bill will therefore be dismissed.
Corwin, C. L, dissented.